PER CURIAM.
In this workers’ compensation case, the claimant asserts error in the Judge of Compensation Claims’ (JCC’s) order denying her claim for wage-loss benefits. We affirm the JCC’s order for much of the disputed wage-loss period, but must agree with the claimant and reverse as to a portion of the denial which we find unsupported by competent substantial evidence.
In September 1987, while on a job assigned to her by appellee/employer, claimant slipped and fell, injuring her wrist, back and pelvis. The parties stipulated to compensability. After hospitalization and surgery, claimant attained maximum medical improvement in January 1990 with a 27% permanent impairment rating.
*1042 Claimant sought wage-loss benefits for the period from March 27, 1990, through August 26, 1990. In addition to the claims themselves, claimant filed job search forms for this period. The employer/carrier (e/c) controverted the claims on the grounds that claimant refused jobs within her restrictions which had been offered by appel-lee/employer. At a hearing on the claim, the e/c presented evidence that claimant did in fact refuse a number of suitable positions during the claimed wage-loss period. Apparently persuaded by this evidence, the JCC denied the requested benefits.
We find that competent substantial evidence supports the JCC’s denial of benefits through most, but not all, of the claimed wage-loss period. The first offer of employment that was rejected by the claimant did not occur until April 30, 1990, approximately one month into the period for which wage-loss benefits were sought. In the month-long period from March 27 up until April 30, the claimant submitted evidence of a work search and did not refuse to accept employment within her restrictions. Consequently, we reverse the denial of benefits for this one-month period. In all other respects, the JCC’s order is affirmed. AFFIRMED in part, REVERSED in part, and REMANDED.
SHIVERS, ZEHMER and MINER, JJ., concur.